[No. 10,618.—Department One.]

## PEOPLE v. JAMES O'NEIL.

ALIBI—INSTRUCTION.—The Court charged the jury that, if it be established to the entire satisfaction of the jury that the defendant was in Waverly place at the time the alleged robbery was committed, at that very instant, it follows necessarily and emphatically, that he could not, at the same instant, have been on California street. The defendant did not ask for a more specific charge. *Held*, that the instruction was not erroneous.

APPEAL from a judgment and order denying a new trial in the Superior Court, City and County of San Francisco. FREELON, J.

The defendant was convicted of the crime of robbery.

*Darwin & Murphy*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

ROSS, J.:

One of the defenses relied on by the defendant was that of *alibi*. The Court charged the jury: "As to the proof of an *alibi*, it is a proof admitted by the law; and in fact when it is established it is the most conclusive and logical of all defenses. If it be established to the entire satisfaction of the jury in this case that the defendant here was in Waverly place at the time this alleged robbery was committed, at that very instant, it follows necessarily and emphatically that he could not, at the same instant, have been on California street."

By this the Court did not say to the jury, as is contended by appellant's counsel, that the proof in support of the defense of *alibi* must be made to the entire satisfaction of the

jury.   On the contrary, the Court elsewhere instructed them that defendant was entitled to be acquitted unless they were satisfied from the evidence, beyond a reasonable doubt, of his guilt.   And as the defendant could not have committed the robbery charged if, at the time it was committed, he was at another and different place, a reasonable doubt of his presence at the time and place of the robbery would necessarily raise a reasonable doubt of his commission of the offense.

If the charge of the Court was not as specific as it might have been, the defendant might have asked for an instruction more specific and definite on that point, which he did not do.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.